1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS YPHANTIDES, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity and DOES 1-10 inclusive,<br><br>                                    Defendant. | Case No.:  21cv1575-GPC(BLM)<br><br>**ORDER DIRECTING PARTIES TO FILE AMENDED DOCUMENTS AND RESCHEDULING HEARING DATE** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pending before the Court is Defendant's motion for summary judgment where the parties have wholly failed to cite to any exhibit numbers for each evidence that is cited in their briefs, and most importantly in Defendant's statement of undisputed material facts, Plaintiff's opposition to the statement of undisputed material facts, and Plaintiff's additional material facts and supporting evidence.

The undersigned civil chambers rules states, "[e]ach of the material fact shall be followed by a reference to the supporting evidence. . . Separate statements assist the Court in identification of the material facts as well as pinpointing the evidence that proves those facts."  Judge Gonzalo P. Curiel's Civil Chambers Rule; *see also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002) ("The efficient

management of judicial business mandates that parties submit evidence responsibly")
(citing *Huey v. UPS, Inc*., 165 F.3d 1084, 1085 (7th Cir. 1999) ( "[J]udges need not paw
over the files without assistance from the parties."); *Nissho–Iwai Am. Corp. v. Kline*, 845
F.2d 1300, 1307 (5th Cir. 1988) (parties must designate specific facts and their location
in the record when relying on deposition testimony)).

Here, the parties have failed to identify and pinpoint the evidence to the Court by
failing to cite to the exhibit numbers.  *See Sealing Techs. Mgmt., Inc. v. Tekon Univ.
Sciences, Inc*., No. EDCV 06–465–VAP (OPx), 2006 WL 5878139, at *1 (C.D. Cal. Oct.
31, 2006) ("the parties' omissions are all the more regrettable, because the parties often
do not even cite to the relevant exhibit number or declarant when asserting facts").  With
a voluminous record,[1] the Court declines to comb through over 1700 pages of motion
papers in search of the evidence referenced.[2]

As such, Defendant is DIRECTED to file an AMENDED motion for summary
judgment, (Dkt. No. 46), and an AMENDED statement of undisputed material facts,
(Dkt. No. 46-2), and Plaintiff is DIRECTED to file an AMENDED opposition to the
summary judgment motion (Dkt. No. 48), AMENDED opposition to the statement of
undisputed material facts, (Dkt. No. 49-6), and AMENDED additional material facts and
supportive evidence, (Dkt. No. 49-5), to include the exhibit numbers to each evidence
cited no later than **February 13, 2023**.  As such, the Court reschedules the hearing on

/ / /

/ / /

/ / /

/ / /

---

[1] In fact, on January 17, 2023, Plaintiff filed a notice regarding docket entries nos. 48-54 indicating that due to many exhibits, it was unable to upload them on a single entry and filed them all separately.  (Dkt. No. 55.)

[2] The Court recognizes that there are a few exhibits cited in Defendant's reply but also many citations to the statement of undisputed material facts which have no exhibit identification.

21cv1575-GPC(BLM)

summary judgment from February 17, 2023 to **February 24, 2023 at 1:30 p.m.** in

Courtroom 2D.

      IT IS SO ORDERED.

Dated:  February 7, 2023

Hon. Gonzalo P. Curiel
United States District Judge

21cv1575-GPC(BLM)