UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS YPHANTIDES, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity and DOES 1-10 inclusive,<br><br>                              Defendant. | Case No.: 21cv1575-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO AMEND RULE 26 DISCLOSUURES AND JOINT TRIAL WITNESS LIST**<br><br>**[Dkt. No. 80.]** |

Before the Court is Plaintiff's *ex parte* motion to amend Federal Rule of Civil Procedure ("Rule") 26 disclosures to add Jaime Pitner, a former County of San Diego employee, as a witness in the case, to include Mr. Pitner on the joint trial witness list and to call him at trial because his relevance was only recently discovered around September 29, 2023.  (Dkt. No. 80.)  Defendant filed an opposition on October 13, 2023.  (Dkt. No. 82.)  Based on the reasoning below, the Court DENIES Plaintiff's ex parte request.

## Discussion

Dr. Nicholas Yphantides ("Plaintiff" or "Dr. Yphantides") filed a complaint against the County of San Diego, his former employer, for terminating his employment as the Chief Medical Officer on March 22, 2021 alleging causes of action under California

Fair Employment and Housing Act ("FEHA"), Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"). (Dkt. No. 1, Compl.) Plaintiff was terminated, in part, due to inappropriate communications, via Facebook Messenger and text messages, he had with Jessica Gall, his subordinate, in January and February 2021. (Dkt. No. 64 at 11, 14.[1])

According to Plaintiff, Jaime Pitner ("Mr. Pitner"), who worked for the County from about June 2020 until May 2022, has personal knowledge about the alleged inappropriate communications Dr. Yphantides made with Jessica Gall ("Ms. Gall"). (Dkt. No. 80 at 3.[2]) Plaintiff claims that while employed with the County, Mr. Pitner supervised Ms. Gall. (*Id.*) Further, he maintains that Mr. Pitner reported to Andy Parr (Mr. Parr") who reported to Dr. Yphantides. (*Id.*) Mr. Pitner and Dr. Yphantides did not socialize outside of work and did not know each other well. (*Id.*)

Around September 24, 2023, Plaintiff's counsel learned that Ms. Gall discussed with Mr. Pitner the alleged inappropriate communication during the time he supervised her. (Dkt. No. 80, Klawitter Decl. ¶ 8.) Counsel learned that Mr. Pitner communicated with his leadership, including Andy Parr, concerning Ms. Gall's complaints against Plaintiff. (*Id.*) Finally, Plaintiff's counsel learned that Mr. Pitner possesses information that is relevant to the reliability of Ms. Gall's allegations against Dr. Yphantides. (*Id.*)

The County does not dispute that Mr. Pitner's name was never mentioned during the pending litigation, including during depositions of 20 witnesses or even in the voluminous documents produced by the County. (Dkt. No. 82 at 5.) The County clarifies that Plaintiff identified Mr. Parr and Ms. Gall as witnesses in his initial

---

[1] Page numbers are based on the CM/ECF pagination.

[2] In support, Plaintiff relies on the declaration of his counsel. (Dkt. No. 80, Klawitter Decl. ¶¶ 3-6.) Defendant objects to certain statements made by Greg A. Klawitter, Plaintiff's counsel, as hearsay and lacking foundation. (Dkt. No. 82 at 3.) The Court agrees that Mr. Klawitter's statements regarding Mr. Pitner and his role in supervising Ms. Gall are hearsay and not proper for the Court to consider. However, the Court considers these statements as allegations rather than fact.

disclosures[3], yet failed to depose them; therefore, Plaintiff failed to exercise diligence in identifying Mr. Pitner. (*Id.* at 3-4.) Moreover, the County asserts the motion does not specify Mr. Pitner's purported testimony and when defense counsel inquired of Plaintiff's counsel, "he suggested that Mr. Pitner spoke to Ms. Gall about Dr. Yphantides and Mr. Pitner's testimony would reflect on Ms. Gall's credibility." (Dkt. No. 82-1, Klekowski Decl. ¶ 7.) The County further maintains that because the communications with Ms. Gall are in writing which Plaintiff has already authenticated, Plaintiff's motion does not explain how Mr. Pitner's recollection of a discussion with Mr. Parr or Ms. Gall in 2021 could be relevant to her credibility. (Dkt. No. 82 at 4-5.) Instead, it maintains that Plaintiff is seeking to shame and embarrass Ms. Gall. (*Id.* at 5.)

**A.   Analysis**

The fact discovery cut-off date was September 29, 2022. (Dkt. No. 25.) The Court ruled on Defendant's amended motion for partial summary judgment on March 9, 2023. (Dkt. No. 64.) A final pretrial conference was held on April 21, 2023 setting the jury trial on December 5, 2023. (Dkt. No. 70, 71.) The final pretrial order was filed on April 21, 2023. (Dkt. No. 72.) Plaintiff filed the instant request on October 9, 2023. (Dkt. No. 80.)

Plaintiff's ex parte request seeks leave to amend his Rule 26 disclosures to add Mr. Pitner, to include Mr. Pitner on the joint trial witness list and to call Mr. Pitner at trial relying on Rule 26(e)(1) and Rule 37. (Dkt. No. 80.) However, where the district court has entered a pretrial order, modifications are guided by Rule 16(e) and permissible "only

---

[3] Defendant corrects Plaintiff's unsupported assertion that the County identified Andy Parr in its initial disclosures. (Dkt. No. 82 at 3.) In his motion, Plaintiff argues that because the County identified Mr. Parr, Mr. Pitner's direct supervisor, in its initial disclosures, the County had ample foreknowledge of that information and cannot claim surprise. (Dkt. No. 80 at 7.) However, the County declares that it did not identify Mr. Parr in its Rule 26 disclosures; instead, Plaintiff identified Mr. Parr as a potential witness on three occasions in October 2021, November 2021 and March 2023. (Dkt. No. 82-1, Klekowski Decl. ¶ 2; *id.*, Exs. 1-3.)

to prevent manifest injustice." Fed. R. Civ. P. 16(e).[4]  Plaintiff has identified and applied the wrong legal standard seeking relief from the pretrial order.

A party seeking modification under Rule 16(e) must satisfy a "more stringent standard." *See* Fed. R. Civ. P. 16(e) advisory committee note to 1983 amendment ("Once formulated, pretrial orders should not be changed lightly; but total inflexibility is undesirable. . . . In the case of the final pretrial order, however, a more stringent standard is called for . . . ."). The Court has discretion on whether to grant relief under Rule 16(e). *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("We review the district court's denial of a motion to modify a pre-trial order for abuse of discretion.") (citation and quotation marks omitted).

Under Rule 16(e), the district court should consider the following factors:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.

*Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded on other grounds by statute as recognized by Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022)); *see Hunt*, 672 F.3d at 616 (*same*). The requirement of diligence also applies to an analysis under Rule 16(e). *WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002) (even adverse consequences for a party's ability to mount its case are not the "manifest injustice" Rule 16(e) was designed to prevent if those consequences arise from an extreme lack of diligence). The moving party has the burden to show that manifest injustice will result if the pretrial order is not amended. *Byrd,* 137 F.3d at 1132.

---

[4] "Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

     First, the Court considers Plaintiff's diligence in identifying Mr. Pitner. Plaintiff designated Mr. Parr and Ms. Gall as witnesses on three separate occasions. (*See* Dkt. No. 82-1, Klekowski Decl. ¶ 2; *id.*, Exs. 1-3.) Despite knowing that the County partially based its decision to terminate Dr. Yphantides on the alleged inappropriate communications he had with Ms. Gall, Plaintiff failed to depose them. If Plaintiff had deposed Mr. Parr, who was Mr. Pitner's direct supervisor at the time, he would have likely discovered Mr. Pitner's communications with Ms. Gall. Similarly, if Plaintiff had deposed Ms. Gall, he would have likely learned about her communications with Mr. Pitner, her direct supervisor. Further, Plaintiff does not explain how he recently discovered that Mr. Pitner had relevant information. Thus, Plaintiff has failed to exercise diligence in pursuing discovery that could have led to the identification of Mr. Pitner. *See WLD Investors*, 35 Fed. App'x at 612 (a party cannot suffer manifest injustice based on any adverse consequences arising from his own lack of diligence).

     Next, as to prejudice, while Plaintiff argues that the County can easily cure any purported surprise by allowing Mr. Pitner to be deposed, (Dkt. No. 80 at 6-7), Defendant responds that it will be prejudiced by the late amendment, twenty-five weeks after the final pretrial conference, because it is unclear whether Mr. Pitner can be subpoenaed and available on short notice, discovery would need to be re-opened to allow for the deposition of Mr. Pitner as well as potentially additional witnesses, such as Mr. Parr, who is also not on the witness list. (Dkt. No. 82 at 5.) Further, the County will have to assess whatever Mr. Pitner says and potentially evaluate which witnesses might be necessary to challenge Mr. Pitner's credibility. (*Id.*) The Court agrees with the County that it will be prejudiced by Plaintiff's request on the eve of trial. Permitting discovery to be re-opened to depose Mr. Pitner may also potentially require the depositions of other related witnesses and while the prejudice is curable, it will likely cause a delay of the trial date. Finally, Defendant has not argued and there does not appear to be any willfulness or bad faith by Plaintiff in bringing the request.

After consideration of the Rule 16(e) factors, the Court concludes that Plaintiff has not demonstrated "manifest injustice" if the request is denied.

### Conclusion

Based on the above, the Court DENIES Plaintiff's *ex parte* motion to amend Rule 26 disclosures to add Mr. Pitner, to include Mr. Pitner on the joint trial witness list and to call Mr. Pitner at trial.

IT IS SO ORDERED.

Dated: October 24, 2023

Hon. Gonzalo P. Curiel
United States District Judge